# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 8:04-cr-215-T-30TBM

DERRICK LAMAR COX
_____/

## **ORDER**

Before the Court is Defendant's *pro se* "Motion for Reduction of Imposed Term of Imprisonment Under United States vs. Archer, 11th Circuit, 07-11488" [Dkt. 47]. Defendant pled guilty to a two count indictment alleging (1) Count One - Aggravated Bank Robbery in violation of 18 U.S.C. §2113(a) and (d); and (2) Count Two - Carrying a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On October 22, 2004, Defendant was sentenced to a total term of imprisonment of 224 months. This term consists of 140 months as to Count One and 84 months as to Count Two, such terms to run consecutively.

Defendant's base offense level scored out at a level 19 (Pre-Sentence Report ["PSR"] ¶ 17). Defendant's bank robbery offenses are covered under USSG § 2B3.1 and the specific firearm offense in this case is covered under USSG § 2K2.4 of the Sentencing Guidelines. The Probation Office concluded that Count Two was covered under USSG § 2K2.4 and the guideline sentence was required by statute to be a consecutive term of imprisonment.

The defendant was enhanced as a career offender under USSG § 4B1.1 based on at least two qualifying predicate offenses. These offenses consisted of one count of a controlled

substance offense that occurred on May 23, 2002, Sale and Possession of a Controlled Substance (Heroin) Within 1,000 Feet of a Church ["PSR"] ¶ 37), and a crime of violence that occurred on April 2, 2003, Battery on a Law Enforcement Officer and Resisting an Officer With Violence ["PSR"] ¶ 38). The defendant also had a felony conviction on February 2, 1990, Possession of Cocaine for which the Defendant received a sentence of 3 years of probation. The Defendant's probation was revoked and the defendant was sentenced to 4 years and 6 months in Florida State Prison with credit for 78 days time served (["PSR"] ¶ 36).

The Defendant argues that his conviction of "the lesser offense of carrying a firearm by a convicted felon" should not be considered as a conviction of a crime of violence. Defendant asserts that *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), held that the crime of carrying a concealed firearm is not a crime of violence for purposes of the career offender enhancement. Therefore, Defendant argues he cannot be considered a career offender after *Archer*, and would be entitled to a reduction in his term of imprisonment.

In reviewing the Defendant's criminal history contained in the PSI, there are no **prior** firearm convictions used to qualify the defendant under the career offender enhancement. The firearm offense for which the Defendant was sentenced in this case is Count Two of the Indictment - Carrying a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Archer* has no effect on a firearm offense for which a defendant is being sentenced, only on whether **prior** offenses qualify as a predicate for an enhancement.

Further, Archer provides no basis for relief under 18 U.S.C. § 3582(c)(2),

§ 3582(c) provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that--
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005)(explaining that all original sentence determinations remain unchanged in a § 3582(c)(2) proceeding except for the amended guideline range).

IT IS therefore ORDERED and ADJUDGED that Defendant's *pro se* "Motion for Reduction of Imposed Term of Imprisonment Under United States vs. Archer, 11th Circuit, 07-11488" [Dkt. 47] is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on February 24, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant:		Derrick L. Cox, #41931-018
			FCI Jesup
			2680 U.S. Highway 301 South
			Jesup, GA 31599-5676