**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DERRICK LAMAR COX,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No:  8:15-cv-1928-T-30TBM
Crim. Case No: 8:04-cr-215-T-30TBM

## ORDER

THIS CAUSE comes before the Court upon Petitioner Derrick Lamar Cox's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1).  By his motion, Petitioner asserts that he is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016).  Because Petitioner's motion is an unauthorized, successive § 2255 motion, it should be dismissed.

### BACKGROUND

Pursuant to a plea agreement, Petitioner entered a guilty plea to (1) robbing a federally insured credit union, in violation of 18 U.S.C. § 2113(a), (d), and (2) knowingly using and carrying a firearm during the robbery, in violation of 18 U.S.C. § 924(c)(1), (2).  (CR Doc. 6).  On October 22, 2004, the Court sentenced Petitioner 140 months' imprisonment on the robbery charge and 84 months' imprisonment on the firearm charge

to run consecutive to the sentence on the robbery charge, comprising a total term of imprisonment of 224 months. (CR Doc. 22).

Petitioner filed a notice of appeal, but his appeal was dismissed by the Eleventh Circuit. (CR Docs. 23, 42). On November 29, 2005, Petitioner filed a motion pursuant to § 2255, which was denied. *See Cox v. United States*, No. 8:05-cv-2179-T-30TBM (M.D. Fla. 2005). On August 18, 2015, Petitioner filed the present § 2255 motion requesting relief pursuant to *Johnson*. (CV Doc. 1).

## **DISCUSSION**

Petitioner's present § 2255 motion is a second or successive motion. Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. *See* 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because Petitioner has not received authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition.").

However, for Petitioner's benefit, the Court notes that Petitioner would not be entitled to relief under *Johnson*. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, ("ACCA"), § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563.

Petitioner, however, was not sentenced under the ACCA. Rather, Petitioner was sentenced pursuant to the career criminal guideline United States Sentencing Guideline § 4B1.1. (PSR at ¶ 27). In *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015), the Eleventh Circuit held that the Supreme Court's decision in *Johnson* did not apply to U.S.S.G. § 4B1.2.[1] This Court is bound by that decision. Thus, Petitioner would not be entitled to relief under *Johnson*.

---

[1] The United States Sentencing Commission recently adopted amendments to the guidelines which included, among other things, removal of the residual clause from U.S.S.G. § 4B1.2. The amendment becomes effective August 1, 2016. The amendment is not retroactive.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Derrick Lamar Cox's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED.

2. The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 49 in the underlying criminal case, case number 8:04-cr-215-T-30TBM.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record